UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:26-cv-01540-AB-DSR | Date: | May 6, 2026 |
|---|---|---|---|

| Title: | *Emer Rivas Quijada v. Fereti Semaia et al* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:   [In Chambers] ORDER <u>GRANTING</u> PRELIMINARY INJUNCTION [Dkt. No. 4]**

On April 20, 2026, the Court granted Petitioner Emer Rivas Quijada's ("Petitioner") Ex Parte Application for a Temporary Restraining Order ("TRO Application," Dkt. No. 4), ordering his release from Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") custody and enjoining his removal to a third country without an opportunity to present a fear-based claim. *See* Order, Dkt. No. 14 at 15. The Court set an Order to Show Cause why a preliminary injunction should not issue and held a hearing on May 4, 2026, at which it heard oral argument and took the matter under submission. Having considered the parties' submissions and arguments, the Court now **GRANTS** a preliminary injunction.

## I.   BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates them by reference. In brief, Petitioner is a native and citizen of El Salvador who entered the United States in 2001 and was later placed in removal proceedings,

during which he was granted withholding of removal as to El Salvador based on a demonstrated risk of persecution. App. at 6. Following his release from immigration custody in 2022 under supervision, Petitioner remained compliant with all conditions of release for approximately three years while residing and working in the United States. *Id.* at 7. On March 19, 2026, Petitioner was re-detained by ICE at a routine check-in without advance notice or a pre-deprivation hearing, and shortly thereafter was informed that he would be removed to Mexico, a country with which he has no ties. *Id.* Petitioner expressed fear of removal to Mexico and underwent a screening interview; however, he contends that the process afforded was constitutionally inadequate and that he faces imminent removal under expedited procedures that do not provide a meaningful opportunity to present his fear-based claims. *Id.* at 8.

## II.   LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered. *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). Under *Winter*, " 'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Alternatively, " 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 926 (9th Cir. 2003) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)).

A preliminary injunction, moreover, may only be awarded "upon a clear showing" of evidence that supports each relevant preliminary injunction factor. *Winter*, 555 U.S. at 22. "This 'clear showing' requires factual support beyond the allegations of the complaint, but the evidence need not strictly comply with the Federal Rules of Evidence." *CI Games S.A. v. Destination Films*, No. 16-CV-

05719 SVW (JCx), 2016 WL 9185391, at *11 (C.D. Cal. Oct. 25, 2016) (citing *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)).

Regarding the second factor, conclusory affidavits are insufficient to demonstrate irreparable harm. *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985). The plaintiff must show more than the "possibility" of irreparable injury; he must demonstrate that irreparable injury is "likely" and "imminent" in the absence of preliminary relief. *Winter*, 555 U.S. at 22; *Am. Trucking*, 559 F.3d at 1052; *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

## III.   DISCUSSION

The Court sees no reason to depart from the reasoning it fully set forth in its Order on Petitioner's Application for a Temporary Restraining Order, as no additional information presented at the May 4, 2026 hearing materially alters the factual record or the Court's prior legal analysis. Thus, for the same reasons articulated in its prior Order, Petitioner has satisfied the standard to obtain a preliminary injunction because he has met all four *Winter* factors.

First, Petitioner has shown a likelihood of success on the merits of his claim that (1) he was unlawfully re-arrested without adequate notice or pre-deprivation process in violation of the Fifth Amendment, and (2) that he was not afforded a meaningful and adequate opportunity to apply for fear-based protection prior to removal to any third country. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999). Second, Petitioner has shown that the deprivation of his constitutional rights to due process and a meaningful and adequate opportunity to represent himself in the reasonable fear-based screening constitutes irreparable harm. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (the "deprivation of constitutional rights 'unquestionably constitutes irreparable injury'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Third, both the balance of the equities and the public interest weigh heavily in Petitioner's favor because enforcement of procedures that violate the Constitution and governing federal law cannot serve the public interest. *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014); *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (stating that violations of federal law are neither equitable nor in the public's interest). Accordingly, all of the *Winter* factors weigh in favor of Petitioner.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Petitioner's Preliminary Injunction.

IT IS HEREBY ORDERED that:

1. Respondents are ENJOINED and restrained from redetaining Petitioner unless and until he receives adequate notice and a hearing to determine the legality of his redetention.

2. Respondents are ENJOINED from removing Petitioner to a third country without notice and an opportunity to be heard.

   **IT IS SO ORDERED**.